UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN ELIZABETH LOVELL DOIRON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8841** |
| **NATIONAL SECURITY FIRE AND CASUALTY CO.** | **SECTION "L" (3)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 3). For the following reasons, the Plaintiffs' motion is GRANTED.

**I.  BACKGROUND**

This case arises out of an insurance dispute regarding insurance coverage for the Plaintiffs' home located at 108 Edgewood, in Houma, Louisiana, which suffered damage as a result of Hurricane Rita. The Defendant in this case is National Security Fire and Casualty Company, the Plaintiffs' homeowners' insurance carrier.

On September 12, 2006, the Plaintiffs filed the present action in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. The Plaintiffs allege that the Defendant has arbitrarily and capriciously failed to provide payment for certain claims made under the Plaintiffs' insurance policy. The Defendant removed the case to this Court on October 20, 2006, asserting diversity jurisdiction under 28 U.S.C. § 1332.

**II.  PRESENT MOTION**

The Plaintiffs move to remand this case to state court and argue that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the $75,000 amount-in-controversy

1

requirement is not satisfied.[1]  Although the Plaintiffs do not offer specific reasons as to why the amount in controversy does not exceed $75,000, they filed affidavits with their motion to remand stating that "at the time [they] filed the 'Petition For Damages, Breach of Contract, Attorney Fees, and Penalties," [they] did not intend to seek damages in excess of the total amount of $75,000."  *See* Pls.' Mot. to Remand.  Additionally, these affidavits state that the Plaintiffs "irrevocably agree[] that the amount of damages" claimed in their petition "is and forever will be no more than $75,000."  Accordingly, the Plaintiffs argue that the amount in controversy does not exceed $75,000.

The Defendant contends that the amount-in-controversy requirement is satisfied and that diversity jurisdiction exists.  The Defendant argues that the only evidence Plaintiffs provide in support of their motion are the above-mentioned affidavits, and that such unilateral post-removal stipulations cannot be used to deprive the court of jurisdiction.

### III.   LAW & ANALYSIS

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages."  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  "When the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  "The defendant may make this showing in either of two ways:  (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy–preferably in the removal petition,

---

[1] The parties agree that complete diversity exists in this case.

but sometimes by affidavit–that support the finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). "Removal, however, cannot be based on simply conclusory allegations." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). In this case, the Defendant has not met its burden of showing the amount in controversy is sufficient to meet statutory requirements. The Defendant has offered no evidence as to the actual amount in controversy, such as demonstrating the maximum amount of coverage provided to the Plaintiffs in their insurance policy. Rather, the Defendant has simply made conclusory statements that the amount in controversy exceeds $75,000.

The Defendant further argues that the Plaintiffs' post-removal affidavits are ineffective in demonstrating that the amount in controversy is less than $75,000. A "unilateral, post-removal stipulation will not deprive the removal court of jurisdiction. A unilateral stipulation may, however, permit a remand in cases in which the stipulation is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy after removal." *Marcho v. Auto Club Family Ins. Co.*, No. 06-6320, 2007 WL 101198, at *2 (E.D. La. Jan. 5, 2007) (internal citation omitted). The Court finds that because the Defendant has failed to meet its burden, the Plaintiffs' affidavits serve to clarify their ambiguous petition, and demonstrate that the amount in controversy is not sufficient to meet statutory requirements for removal.

## IV.    CONCLUSION

Accordingly, IT IS ORDERED that the Plaintiffs' motion to remand is GRANTED, and that this matter is hereby REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

New Orleans, Louisiana, this __5th__ day of March, 2007.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE